UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No.  2:20 CR 125 |
| | ) | |
| LEVAR REYNOLDS | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by counsel, Tina Nommay, Acting United States Attorney for the Northern District of Indiana, and files the below sentencing memorandum addressing the Title 18, U.S.C. Section 3553 factors.

Title 18, United States Code Section 3553(a) sets forth a number of factors, including but not limited to the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; and the need for the sentence imposed to afford adequate deterrence and protect the public.

Reynolds' total offense level is 12.   Additionally, Reynolds, who has no criminal history points, is in criminal history category I.   His guideline range is in Zone C, recommending a sentence of 10 to 12 months.   Since the applicable guideline range is in Zone C, the minimum term may be satisfied

by a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least five months is satisfied by imprisonment.

Based on the Section 3553(a) factors, a sentence at the minimum of the guidelines is a reasonable, fair, and appropriate sentence taking into consideration all circumstances.

Regarding the Section 3553(a) factor of the "history and characteristics" of Reynolds, the presentence report indicates he has minimal contacts with law enforcement resulting in a criminal history score of zero and criminal history category of I.

The Section 3553(a) factor of "the nature and circumstances of the offense" should be considered in determining a fair and reasonable sentence. On May 12, 2018, Reynolds in the acquisition of five firearms completed an ATF Form 4473 form at Westforth's Sports, Inc., a federally licensed firearms dealer in Gary, Indiana. Reynolds purchased a: (1) .40 caliber Glock, model 23Gen4, semi-automatic pistol; (2) .40 caliber Glock, model 23, semi-automatic pistol; (3) .40 caliber Glock, model 22Gen4, semi-automatic pistol; (4) .40 caliber Glock, model 23, semi-automatic pistol; and (5) .40 caliber Glock, model 23Gen4, semi-automatic pistol. On the ATF Form 4473 form, Reynolds indicated that he was the actual buyer of the firearms. After

the purchase was delayed, Reynolds took possession of the firearms on May 17, 2018.

On May 18, 2018, at approximately 10:53 a.m., deputy sheriffs from the Cook County Sheriff's Office went to an apartment building in Chicago, to evict a tenant pursuant to a court-ordered eviction. Law enforcement entered the two-bedroom unit and conducted a security sweep of the unit. During the sweep, law enforcement encountered a male in a bedroom. After being informed that law enforcement was at the apartment for an eviction, the male fled the apartment and building. Law enforcement chased the male and could not locate him.

A subsequent search of the bedroom from which the male ran revealed a bag with 4 loaded handguns. One of the firearms recovered from inside the bag was a Glock, model 23 Gen4, .40 caliber semi-automatic pistol, that Reynold had purchased the day earlier. Law enforcement further recovered from underneath a bedroom mattress a loaded Glock, model 23 Gen4, .40 caliber semi-automatic pistol that Reynolds had also purchased the day earlier. The pistol had a laser sight attached to it.

Law enforcement also recovered a cell phone during the search. After executing a search warrant on the phone, the phone revealed chat messages and a video between Reynolds' phone number and the recovered phone. In the messages and video, Reynolds discussed purchasing and delivering four

firearms to another person.

On June 29, 2018, officers with the Chicago Police Department interviewed Reynolds regarding his purchase of firearms.  Reynolds told officers that when he left the gun shop on May 17, he returned to his home in Hammond, Indiana, and put the guns in his garage. Reynolds stated he checked on the guns about five days after he had brought them home and had not checked on them since. Reynolds stated he did not know if the guns were in his garage or not. Reynolds refused to have officers accompany him back to his residence to check on the well-being of all of his firearms and refused to confirm with officers if the guns were still preset in his garage.  Law enforcement have not recovered any of the other firearms purchased by Reynolds.

Accordingly, based upon the U.S. Sentencing Guidelines and 18 U.S.C. § 3553 factors, the government respectfully requests that a sentence at the minimum of the guidelines is a reasonable, fair, and appropriate sentence taking into consideration all circumstances.

Respectfully submitted,

TINA NOMMAY
ACTING UNITED STATES ATTORNEY

/s/ Nicholas J. Padilla
Nicholas J. Padilla
Assistant United States Attorney